IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK-ANTHONY TYNES, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. SA-18-CV-00242-FB |
| vs. | § § | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § | |

# **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Compel Discovery [#13]. This case was referred to the undersigned for all pretrial proceedings on March 16, 2018 pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#3]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Court will deny Plaintiff's motion.

Plaintiff Mark-Anthony Tynes, proceeding *pro se* in this action, asks the Court to compel Defendant Nationwide Mutual Insurance Company to respond to certain discovery requests Plaintiff served on Defendant on August 31, 2018. In response, Defendant argues the requests were untimely and Defendant had no obligation to respond. The undersigned agrees.

The Scheduling Order governing this case established a deadline for the completion of all discovery of September 13, 2018 [#7]. This Court's Local Rules provide that a responding party "has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." Loc. R. CV-16(d).

Plaintiff served his First Set of Interrogatories and First Requests for Production of Documents on Defendant on August 31, 2018. A responding party has 30 days to respond to interrogatories and requests for production, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), making Defendant's response to the discovery due on or before October 1, 2018. Because Defendant's response was not due until after the close of discovery, under this Court's Local Rules, Defendant had no duty to respond, and the Court will deny the motion.

The Court notes that Defendant filed a timely Motion for Summary Judgment in this case on October 12, 2018 [#12]. It would be particularly prejudicial to Defendant to reopen discovery after the expiration of the dispositive motions deadline. Although the Court is mindful of Plaintiff's status as a *pro se* litigant, *pro se* parties are still required to abide by the procedural rules governing this Court. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

Finally, the Court instructs Plaintiff that it is his responsibility to respond to the pending Motion for Summary Judgment. Plaintiff's response to the motion was due on or before October 26, 2018, but to date no response has been received. *See* Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of service). In light of Plaintiff's filing of this motion, however, the Court will grant Plaintiff 14 additional days to file a response. The Court reminds Plaintiff that a failure to respond to the Motion for Summary Judgment may be construed as a lack of opposition to the motion, and the Court may grant the motion as unopposed. *See* Loc. R. CV-7(e)(2).

The Court further reminds Plaintiff that any response to Defendant's Motion for Summary Judgment must be supported by competent summary judgment evidence. In other

words, to defeat Defendant's motion, Plaintiff must attach actual evidence to its response—such as documents exchanged in discovery, sworn affidavits or declarations, or deposition transcript excerpts—that raise a genuine factual dispute as to any fact material to Plaintiff's claims. *See* Fed. R. Civ. P. 56(c). "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery [#13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff respond to Defendant's Motion for Summary Judgment [#12] **on or before November 16, 2018**.

SIGNED this 2nd day of November, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE